IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM DALE CARTER,

Petitioner,

vs.

ILLINOIS DEPT. OF CORRECTIONS
and WARDEN GAETZ,

Respondents.                                          Case No. 13-cv-818-DRH

# MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner is currently on mandatory supervised release ("MSR") after having served the required portion of his 20-year Illinois sentence for home invasion. He brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the execution of his MSR term, including the determination that he should be subject to special conditions of parole due to his labeling as a sex offender.[1] The petition was filed on August 8, 2013.

Petitioner was convicted of home invasion after a jury trial in 2002, in Adams County Case No. 01-CF-458.[2] The jury found him not guilty of four counts of sex offenses (Doc. 1, p. 2). He is subject to a three-year period of MSR. Upon

---

[1] It appears that petitioner has not been required to register with law enforcement as a sex offender, but instead was labeled as one by officials of the Illinois Department of Corrections and the Illinois Prisoner Review Board for purposes of his MSR status (Doc. 1, pp. 18; 35-36).

[2] Petitioner has a pending habeas action in the Central District of Illinois, Case No. 11-cv-3173, in which he is challenging his home invasion conviction.

his release from Pinckneyville Correctional Center ("Pinckneyville"), it was determined that he would be designated as a sex offender, despite the fact he had not been convicted of any sex crime. Because of this, he was ordered to wear an electronic monitor and a GPS unit at all times while he is on MSR (Doc. 1, p. 9).

He was released on January 12, 2012, and relocated to Texas to serve his MSR. He was taken back into custody on a parole violation on June 4, 2012. This parole violation was based on petitioner having returned home from work 12 minutes late after his car had a flat tire (Doc. 1, p. 10). Although the Illinois Prisoner Review Board ordered him to be released again on October 31, 2012, and on January 30, 2013, petitioner was not placed back on MSR until July 8, 2013 (Doc. 1, p. 2). He was told by staff at Pinckneyville that his MSR should end on April 18, 2014 (Doc. 1, p. 3). However, he contends that this calculation is wrong, and that he has now served all the MSR time that should be required. First, he reasons that he should receive day-for-day credit against his MSR term for the time he spent back in prison after the parole violation. He also argues that the period of his MSR during which he has worn the GPS monitor should be considered time "in custody" – and thus he should be entitled to day-for-day credit for that time as well (Doc. 1, pp. 8-12).

Petitioner challenges his classification for parole purposes as a sex offender on the basis of double jeopardy. He raised this matter in an earlier habeas petition in this Court (Case No. 12-cv-115, Doc. 35), but that claim was dismissed without prejudice because petitioner had not exhausted his remedies in the

Illinois state courts. He now contends that he has duly exhausted the claim (Doc. 1, pp. 5-8).

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Before further proceedings are ordered, a few words about the named respondents are necessary. Petitioner names as respondents the Illinois Department of Corrections ("IDOC") and the warden of his former prison. In a habeas action, the only proper respondent is the petitioner's custodian. According to the Seventh Circuit, "If the petitioner is in prison, the warden is the right respondent. If the petitioner is on parole, the parole board or equivalent should be named." *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). *See also* Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts. Because petitioner is currently on MSR after being released from prison, the proper respondent is the Illinois Prisoner Review Board. Further, the IDOC or its director is not a proper respondent in a habeas proceeding. *See Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005) (director of Illinois Department of Corrections is not the "state officer who has custody" of a habeas petitioner serving a state sentence; a respondent who is not a custodian should be dropped from the action). The Clerk of Court shall be directed to make the appropriate substitution.

**Motion for Leave to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Petitioner has done so in the instant case, indicating that he is currently not employed, lives with family, and depends on them for financial support. Based on this information, petitioner's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

**Disposition**

The Clerk is **DIRECTED** to substitute the Illinois Prisoner Review Board as the respondent in this action, and terminate the Illinois Department of Corrections and Warden Gaetz.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the respondent from making whatever waiver, exhaustion or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 3rd day of September, 2013.

Digitally signed by David R. Herndon
Date: 2013.09.03 09:46:35 -05'00'

**Chief Judge**
**U.S. District Court**