IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM DALE CARTER,

        Petitioner,

vs.                                            Civil No. 13-cv-818-DRH-CJP

ILLINOIS PRISONER REVIEW
BOARD,

        Respondent.

## ORDER

**HERNDON, District Judge:**

    Petitioner William Dale Carter filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 challenging his sentencing and his classification as a sex offender. (Doc. 1). The Anti–Terrorism and Death Penalty Act of 1996 ("AEDPA") allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

    While the "in custody" requirement of § 2254(a) is liberally construed for purposes of habeas corpus, a petitioner must be in custody under the very order he is attacking when the petition is filed in order for this Court to have jurisdiction. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) ("In order to bring an action under §2254, a prisoner must be 'in custody' pursuant to the conviction or sentence being challenged." (citing *Maleng v. Cook*, 490 U.S. 488,

490 (1989))). However, if the petitioner challenges the underlying conviction in a §2254 petition, a lack of custody does not render the petition moot because collateral consequences of the conviction remain. *Spencer v. Kemna*, 523 U.S. 1, 7-11 (1998).

On April 18, 2014 petitioner discharged his sentence and supervised release term and he is no longer in custody. Doc. 22. As respondent notes, petitioner did not challenge his underlying conviction but rather his sentencing and classification as a sex offender. Therefore, this Court does not have subject matter jurisdiction to hear petitioner's claim and it must be dismissed as moot.[1]

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing §2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Both components must be established

---

1 This Court notes the Seventh Circuit's recent opinion in *Jackson v. Clements* which clarified that without appropriate jurisdiction a District Court must issue a dismissal rather than a denial. 2015 U.S. App. LEXIS 14131.

for a certificate of appealability to be issued.

Here, it is clear this Court does not have jurisdiction to rule on the issues and no reasonable jurist would find this issue debatable. Accordingly, the Court denies a certificate of appealability.

### Conclusion

Petitioner's 2254 petition (Doc. 1) is **DISMISSED as MOOT**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 18th day of August, 2015.

Digitally signed by
David R. Herndon
Date: 2015.08.18
16:43:34 -05'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition. Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, the Court has denied a certificate. In order to appeal the dismissal or denial of his petition, petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability. Further, a motion to reconsider the denial does not extend the time for appeal. See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.